# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEIN-UND SEKTKELLEREI JAKOB GERHARDT NIERSTEINER SCHLOSSKELLEREIEN GmbH & Co., KG, a German limited liability company and MAX DIETER ALTMANN, and individual,<br><br>                Plaintiffs,<br><br>  v.<br><br>FONDA HOPKINS, an individual, and FRANK KRYGER, and individual,<br><br>                Defendants. | CASE NO. 07cv00673 BTM(WMc)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Defendants Fonda Hopkins and Frank Kryger have filed a motion to dismiss Plaintiffs' second, third, and fifth claims for relief. For the reasons discussed below, Defendants' motion is **DENIED**.

## DISCUSSION

The parties are familiar with the facts, which need not be repeated here. Defendants move to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' claims for breach of contract, breach of the implied covenant of the implied covenant of good faith and fair dealing, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The Court denies Defendants' motion in its entirety.

A. <u>Breach of Contract Claims</u>

Defendants contend that the breach of contract claims must be dismissed because

Hopkins and Kryger, as individuals, were not parties to the February 2005 Agreement. Defendants rely on two documents in support of their argument : (1) a one-page "translation" setting forth terms of the February 2005 Agreement (Def.'s Ex. A); and (2) the September 2005 Settlement Agreement (Def.'s Ex. B).

The Court can consider Defendants' exhibits because the Complaint refers to them and Plaintiffs do not challenge their authenticity. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  However, contrary to Defendants' claims, the documents do not establish that Hopkins and Kryger were not parties to the February 2005 Agreement.

The one-page "translation" identifies terms of the February 2005 Agreement but does not identify who the contracting parties are.  The first sentence of the "translation" indicates that the agreement pertains to payments "from the results of WG Best and Jakob Gerhardt USA to Jakob Gerhardt Deutschland and Vonda Hopkins LLC," but does not state that these companies are the contracting parties.

The September 2005 Settlement Agreement, which purports to cancel the February 2005 Agreement, was between Fonda Hopkins, LLC, W.G. Best, JG USA, Jakob Gerhardt, and Florida LLC, on the one hand, and Altmann and Jakob Gerhardt on the other.  In the "recitals" section, the Agreement states, "WHEREAS, the Parties allegedly entered into that certain agreement dated February 20, 2005, a copy of which is attached hereto as Exhibit A, as a means for resolving amounts due from Gerhardt USA to Gerhardt Germany for fiscal years ending June 30, 2004 and thereafter."  Although this language seems to support Defendants' contention that Hopkins and Kryger were not parties to the February 2005 Agreement, it does not require this conclusion.  The recital does not state that there were no other parties to the February 2005 Agreement.

According to Plaintiffs, the February 2005 Agreement is an agreement between shareholders of the U.S. subsidiaries (Jakob Gerhardt and Fonda Hopkins) and their agents (Altmann and Kryger) to divide profits of the U.S. subsidiaries according to shareholdings. Defendants disagree and argue that it would make little sense for the agreement to be structured as alleged by Plaintiffs.  However, who the contracting parties were is a factual

matter that is best left for summary judgment.

B. <u>Unfair Competition Law</u>

Defendants argue that Plaintiffs' § 17200 claim must be dismissed because Plaintiffs are not consumers or Defendants' competitors. Defendants further argue that Plaintiffs have failed to allege unlawful conduct supporting a § 17200 claim. Neither argument is convincing.

Defendants' argument that Plaintiffs must be consumers or competitors to bring a § 17200 claim is not supported by California law. The Unfair Competition Law's scope is "sweeping," allowing a court to enjoin "wrongful business conduct in whatever context such activity might occur." <u>Barquis v. Merchants Collection Assn.</u>, 7 Cal. 3d 94, 111 (1972). This principle remains viable and is not affected by the holding in <u>Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.</u>, 20 Cal. 4th 163 (1999).[1] <u>Alch v. Superior Court</u>, 122 Cal. App. 4th 339, 403 (2004).

Thus, plaintiffs who are neither competitors nor consumers may sue under § 17200. In <u>Alch</u>, for example, the court held that television writers, who alleged that studios, networks, and talent agencies maintained a system-wide policy of age discrimination, had stated a § 17200 claim and were not required to allege potential competitive harm or likely consumer deception. Similarly, in <u>Lanard Toys Ltd. v. Novelty, Inc.</u>, __ F. Supp. 2d __, 2007 WL 2580776 (C.D. Cal. 2007), the court held that the plaintiffs had stated a § 17200 claim based on their allegations that the defendants had infringed their trade dress, even though the defendants did not compete with plaintiffs.

Furthermore, Plaintiffs have alleged unlawful conduct in support of their § 17200 claim. Specifically, Plaintiffs have pled a fraud cause of action (which is not being challenged

---

[1] <u>Cel-Tech</u> held that when a plaintiff claims to have suffered injury from a direct competitor's "unfair" act, the word "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." <u>Id.</u> at 186. However, the court made it clear that its holding was limited to the specific context of an action by a competitor alleging anticompetitive practices. <u>Id.</u> at 186 n. 12.

Case 3:07-cv-00673-WMC   Document 25   Filed 10/11/07   PageID.362   Page 4 of 4

here). Practically any law or regulation, whether federal or state, statutory or common law, can serve as a predicate for a § 17200 "unlawful" violation. <u>Paulus v. Bob Lynch Ford, Inc.</u>, 139 Cal. App. 4th 659, 681 (2006).[2] <u>See also</u> <u>CRST Van Expedited, Inc. v. Werner Ent., Inc.</u>, 479 F.3d 1099 (9th Cir. 2007) (holding that the plaintiff had adequately pled that the defendant had engaged in an "unlawful" business practice, specifically intentional interference with employment contracts). Plaintiffs have alleged that Defendants violated a legal duty by way of their fraudulent conduct and, therefore, have adequately pled a § 17200 claim.[3]

## CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 11, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

[2] Defendants rely on <u>Microsoft Corp. Antitrust Lit.</u>, 274 F. Supp. 2d 747, 750 (D. Md. 2003) for the proposition that violations of common law cannot form the basis of a § 17200 claim alleging "unlawful" conduct. However, <u>Microsoft</u> is distinguishable. <u>Microsoft</u> addressed the issue of whether a breach of contract constitutes "unlawful" conduct because it violates the common law of California. In contrast, this case concerns alleged tortious activity in violation of California common law.

[3] The Court need not and does not reach the issue of whether Plaintiffs have adequately pled "unfair" conduct.

4    07cv00673 BTM(WMc)