1   BAKER & McKENZIE LLP
    Christopher Van Gundy (Bar No. 152359)
2   Two Embarcadero Center, 11th Floor
San Francisco, California 94111
3   Telephone: (415) 576-3000
Facsimile:  (415) 576-3099
4

5   BAKER & McKENZIE LLP
    George E. Fleming (Bar. No. 65804)
6   101 West Broadway, 12th Floor
San Diego, California 92101
Telephone: (619) 236-1441
7   Facsimile:  (619) 236-0429

8   Attorneys for Plaintiffs
WEIN- UND SEKTKELLEREI JAKOB
9   GERHARDT NIERSTEINER
SCHLOSSKELLEREIEN GmbH & Co. KG and
10  MAX DIETER ALTMANN

11  LATHAM & WATKINS LLP
    Kenneth M. Fitzgerald (Bar No. 142505)
12      Daniel J. Lenerz (Bar No. 226019)
600 West Broadway, Suite 1800
13  San Diego, California  92101-3375
Telephone:  (619) 236-1234
14  Facsimile:  (619) 696-7419

15  Attorneys for Defendants FONDA HOPKINS,
FRANK KRYGER, W.G.  BEST
16  WEINKELLEREI  and MONTESQUIEU CORP.,
f/k/a JAKOB GERHARDT USA, INC.
17
            UNITED STATED DISTRICT COURT
18
            SOUTHERN DISTRICT OF CALIFORNIA
19

| | |
|---|---|
| WEIN- UND SEKTKELLEREI JAKOB GERHARDT NIERSTEINER SCHLOSSKELLEREIEN GmbH & Co. KG, a German limited liability company and MAX DIETER ALTMANN, an individual, | CASE NO. 07CV0673 BTM (WMC) |
| Plaintiffs, | **JOINT MOTION FOR ORDER REQUIRING RESCISSION OF PLAINTIFFS' SHARES** |
| v. | |
| FONDA HOPKINS, an individual, FRANK KRYGER, an individual, W.G. BEST WEINKELLEREI, INC., a California corporation, and MONTESQUIEU CORP., f/k/a JAKOB GERHARDT USA, INC., a California Corporation, | |
| Defendants, | |
| AND ALL RELATED COUNTERCLAIMS. | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO   SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

1         Plaintiffs Wein- und Sektkellerei Jakob Gerhardt Niersteiner Schlosskellereien

2   GmbH & Co. KG ("Jakob Gerhardt") and Max Dieter Altmann and Defendants Fonda Hopkins,

3   Frank Kryger, W.G. Best Weinkellerei, Inc. ("W.G. Best") and Montesquieu Corp., f/k/a Jakob

4   Gerhardt USA, Inc. ("Montesquieu") do jointly move this Court for an order (1) requiring W.G.

5   Best and Montesquieu to rescind Mr. Altmann's shares in those corporations and (2) clarifying

6   the terms of the parties' settlement agreement.

7         On January 23, 2008, at the Early Neutral Evaluation ("ENE") Conference with

8   Magistrate Judge McCurine, the parties settled this action pursuant to the terms set forth on the

9   record.  As part of that settlement, the parties agreed to execute the documents necessary for

10  Plaintiffs to convey to Defendants all shares and ownership interest in W.G. Best and

11  Montesquieu.  See Transcript of January 23, 2008 Settlement Conference (Exhibit A) at 4.  The

12  parties agree that a court-ordered rescission of Mr. Altmann's shares is necessary to effectuate

13  the parties' settlement.  The parties further agree that the rescission should be contingent upon

14  Mr. Altmann and Jakob Gerhardt signing the representations and warranties attached hereto as

15  Exhibit B and W.G. Best, Montesquieu, Mr. Kryger and Ms. Hopkins signing the representations

16  and warranties attached hereto as Exhibit C.

17        Additionally, the parties agree that the settlement reached at the ENE Conference

18  should be supplemented to include Defendants' agreement not to use the name "Jakob Gerhardt"

19  anywhere in the world.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

1        Accordingly, Plaintiffs and Defendants jointly move for an order (1) requiring

2    W.G. Best and Montesquieu to rescind Mr. Altmann's shares in those corporations in exchange

3    for the amount paid-in for those shares, $3,397.50, contingent upon Mr. Altmann and Jakob

4    Gerhardt signing the representations and warranties attached as Exhibit B and W.G. Best,

5    Montesquieu, Mr. Kryger and Ms. Hopkins signing the representations and warranties attached

6    as Exhibit C; and (2) amending the parties' agreement to reflect Defendants' agreement not to

7    use the name "Jakob Gerhardt" anywhere in the world.

8    DATED:  March 19, 2008

9                              LATHAM & WATKINS LLP

10

11                       By:    s/ Daniel J. Lenerz
                               Daniel J. Lenerz
                               Attorneys for Defendants

12                             Fonda Hopkins, Frank Kryger, W.G. Best
                               Weinkellerei, Inc. and Montesquieu Corp.,

13                             f/k/a Jakob Gerhardt USA, Inc.
                               daniel.lenerz@lw.com

14

15   DATED:  March 19, 2008             BAKER & McKENZIE LLP

16

17                       By:    s/ Christopher Van Gundy
                               Christopher Van Gundy
                               Attorneys for Plaintiffs

18                             Wein- Und Sektkellerei Jakob Gerhardt
                               Niersteiner Schlosskellereien GmbH & Co.

19                             KG and Max Dieter Altmann
                               christopher.vangundy@bakernet.com

20

21

22

23

24

25

26

27

28

SD\623562.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Exhibit A-1

LATHAM&WATKINS LLP   SD\623562.4
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

**ORIGINAL**

1                UNITED STATES DISTRICT COURT

2              SOUTHERN DISTRICT OF CALIFORNIA

3

4 WEIN-UND SEKTKELLEREI, JAKOB   )    Case No. 07CV0673-BTM(WMC)
   GERHARDT, NIERSTEINER,           )

5 SCHLOSSKELLEREIEN GmbH & Co.   )    San Diego, California
   KG, and MAX DIETER ALTMANN,   )

6                         )    Wednesday,
           Plaintiffs,        )    January 23, 2008

7                         )
   vs.                         )

8                         )
   FONDA HOPKINS, et al.,       )

9                         )
           Defendants.        )

10 _____)

11

12                TRANSCRIPT OF PROCEEDINGS
      BEFORE THE HONORABLE WILLIAM McCURINE, JR.

13          UNITED STATES MAGISTRATE JUDGE

14 APPEARANCES:

15 For the Plaintiff:          CHRISTOPHER VAN GUNDY, ESQ.
                            Baker & McKenzie

16                         Two Embarcadero Center
                        Eleventh Floor

17                         San Francisco, California
                         94111

18                         (415) 984-3825

19 For the Defendant:         KENNETH MOORE FITZGERALD, ESQ.
                        DANIEL J. LENERZ, ESQ.

20                         Latham & Watkins
                        600 West Broadway

21                         Suite 1800
                        San Diego, California    92101

22                         (619) 236-1234

23 For City Insurance Company:    DAVID LONG, ESQ.

24

25 Proceedings recorded by electronic sound recording;
   transcript produced by transcription service.

ii

1   Transcript Ordered by:          DANIEL J. LENERZ, ESQ.

2   Transcriber:                    Shonna D. Mowrer
                                    Echo Reporting, Inc.
3                                   6336 Greenwich Drive
                                    Suite B
4                                   San Diego, California  92122
                                    (858) 453-7590
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit A-3

*Echo Reporting, Inc.*

1

<u>SAN DIEGO, CALIFORNIA  WEDNESDAY, JANUARY 23, 2008</u>

--oOo--

   (Call to order of the Court.)

      THE CLERK:  Calling Item Number 1 on calendar, Case Number 07CV673, Wein versus Hopkins, et al.

      THE COURT:  Gentlemen.

      THE CLERK:  Counsel, will you please state your appearances for the record.

      MR. VAN GUNDY:  Christopher Van Gundy for Plaintiffs Jakob Gerhardt Germany and Max Dieter Altmann.

      THE COURT:  And who is here in court?

      MR. VAN GUNDY:  Yes.  Mr. Altmann is here to my left.

      THE COURT:  And who else?

      MR. VAN GUNDY:  And with him is the general manager, Dimitri Vandenover (phonetic).

      MR. FITZGERALD:  Kenneth Fitzgerald and Daniel Lenerz of Latham and Watkins, your Honor, representing the Defendants.  And with me present in the courtroom are Fonda Hopkins and Frank Kryger.  Also present, not counsel of record, but counsel for the Defendants with respect to insurance coverage issues is Paul Hilding.

      THE COURT:  Okay.  New York.

      MR. LONG:  David Long, insurance counsel for Hartford for the City Insurance Company.

Exhibit A-4

*Echo Reporting, Inc.*

2

1          THE COURT:  Okay.  All right.  Gentlemen, I

2  understand that we have a settlement.

3          MR. FITZGERALD:  We do, your Honor.

4          MR. VAN GUNDY:  Yes, your Honor.

5          THE COURT:  Mr. Fitzgerald, will you put the

6  settlement on the record.  And I want you to go slowly.

7  Everything you say, Mr. Van Gundy is going to translate.

8          MR. VAN GUNDY:  Or Mr. Vandenover.

9          THE COURT:  Mr. Vandenover?

10         MR. VANDENOVER:  Yeah.

11         THE COURT:  Okay.  Sit closer.

12         MR. VANDENOVER:  Okay.

13         THE COURT:  Even if you have to blow in his ear.

14  So speak slowly.

15         MR. FITZGERALD:  Thank you, your Honor.  The

16  parties have agreed to settle all of the disputes pending

17  between them or that could possibly be pending between them

18  from the beginning of time to date.  More specifically, the

19  parties have agreed to dismiss the pending action with

20  prejudice in its entirety.  They hereby agree to release

21  each other as well as each other's directors, officers,

22  employees, attorneys, agents, heirs, successors, children

23  and assigns from any and all claims or liabilities of any

24  nature whatsoever that have arisen between them from the

25  beginning of time to date.

*Echo Reporting, Inc.*

Exhibit A-5

3

1          The parties have agreed to waive the protections

2    of California Civil Code Section 1542.  They have agreed to

3    waive and release all obligations for compensation of any

4    nature whatsoever, including but not limited to any

5    compensation that might be due to the Plaintiffs by virtue

6    of their status as shareholders in the Defendant companies

7    and which might be due to the Plaintiffs in the way of

8    trademark royalties for which the Defendant companies have

9    been invoiced for the past several years.

10          The parties will execute the documents necessary

11   to more fully effectuate the settlement.  In exchange for

12   the releases, dismissals with prejudice and other

13   consideration, the Defendants will pay to the Plaintiffs the

14   total sum of $2 million, inclusive of all attorney's fees

15   and costs incurred to date which the parties will bear on

16   their own.

17          The Defendants will pay $2 million to Baker and

18   McKenzie for the benefit of Wein-Und Sektkellerei, Jakob

19   Gerhardt, Niersteiner, Schlosskellerein, GmbH & Co. KG by --

20   excuse me -- and Max Dieter Altmann.  Payment will be

21   received on or before Friday, March 28th, 2008.

22          The Defendants warrant and represent to the Court

23   that they are no longer currently using the name Jakob

24   Gerhardt or any substantially similar name in Luxembourg and

25   will forever cease and desist from using said name.

Exhibit A-6

*Echo Reporting, Inc.*

4

1    The Defendants will defend, indemnify and hold
2  harmless the Plaintiffs for any liability that arises in
3  connection with or as a result of the Defendant's use of the
4  Jakob Gerhardt or substantially similar name in Luxembourg.
5  The period of the Defendant's indemnity obligation will run
6  through January 23rd, 2010, at which time it will expire.
7  And the parties have agreed to the Court's continuing
8  jurisdiction to effectuate and enforce the terms of their
9  settlement pursuant to their written consent that they have
10 executed and which will be filed with the court.
11    The parties will execute the documents necessary
12 for Plaintiffs to convey all shares and ownership interest
13 in the Defendant companies, specifically W.K. Best
14 Weinkellerei, Inc., a California corporation, and
15 Montesquieu Corporation, formerly known as Jakob Gerhardt
16 USA, Inc.
17    The Plaintiffs hereby release any ownership
18 interest in those companies.  And beyond the continuing
19 indemnification obligation agreed to here today and beyond
20 future normal trade relations between the parties, they
21 shall have no continuing relationship or obligations toward
22 each other, save and except for in addition to the indemnity
23 and trade relations.
24    Also, they hereby affirm their continuing
25 obligations under the two prior settlement agreements

Exhibit A-7

*Echo Reporting, Inc.*

5

1   executed between them that are in issue in the pleadings.

2          I believe those are the terms of the settlement.

3   I thought I said, but I'll just say it now, that the

4   Plaintiffs will transfer their shares in the Defendant

5   companies, specifically W.G. Best Weinkellerei, Inc., a

6   California corporation, and Montesquieu Corporation,

7   formerly known as Jakob Gerhardt USA, Inc.

8          MR. VAN GUNDY:  Your Honor, I thought we had made

9   it clear that --

10          THE COURT:  Let me state, what you mean, if I'm

11   understanding, Mr. Fitzgerald, is that the previous

12   settlement agreements and release are simply -- simply

13   remain in full force and effect.

14          MR. FITZGERALD:  Correct, your Honor.

15          THE COURT:  Nothing more.

16          MR. FITZGERALD:  Nothing more.

17          MR. VAN GUNDY:  Your Honor, I guess I don't

18   understand this.  We've said --

19          THE COURT:  Hold it.  Okay.  Now, think about what

20   I've just said.  All we're doing is -- the previous releases

21   and settlement agreements remain in full force and effect.

22   They are -- this agreement doesn't variegate or comment on

23   the validity or unvalidity of these previous agreements.

24   They are what they are.  Whatever was in the past, we now

25   have a complete new agreement in any event.

Exhibit A-8

*Echo Reporting, Inc.*

6

1          MR. VAN GUNDY:  Okay.  Then why is this all

2  necessary?  I guess I don't understand, if that's the case.

3          THE COURT:  It may have not been necessary.

4          MR. VAN GUNDY:  Okay.  Because we -- I have to

5  state for the record, your Honor -- and I know where the

6  Court --

7          THE COURT:  State for the record.

8          MR. VAN GUNDY:  That we absolutely dispute the

9  validity of any prior release of any nature, ratification,

10 waiver of any sort from time in memorial with these

11 entities, the Defendants and the Defendant companies,

12 period.  We understand that we have reached a settlement now

13 along the terms of the release described by Mr. Fitzgerald,

14 but --

15         THE COURT:  And you understand that this current

16 release that is on the record today is -- would be the

17 governing document looking from now backward into time.  Do

18 you understand?

19         MR. VAN GUNDY:  I think that's clear.

20         THE COURT:  Okay.  Now, before we stop, I want Mr.

21 Hilding to step to the microphone.

22         MR. HILDING:  Thank you, your Honor.  Also part of

23 the agreement is an agreement we have reached -- the Defense

24 has reached with Hartford Twin City Insurance Company, which

25 is that Hartford Twin City and the Defendants will mutually

7

1 release each other with regard to any liability as to this

2 lawsuit, with the exception that Hartford Twin City will

3 continue to pay Defense costs through the conclusion of this

4 matter.

5        The other thing we have not done is put on the

6 record the dollar amount that's going to be paid by Hartford

7 Twin City versus our client.  And I'm not sure if there's

8 any objection to my putting that information on the record.

9        THE COURT:  I don't care.

10        MR. VAN GUNDY:  No objection.

11        MR. HILDING:  So the amount to be paid by Hartford

12 Twin City is 310,000, and our clients are to pay 1.69

13 million.

14        THE COURT:  Okay.

15        MR. LONG:  We are agreeable to all of that, your

16 Honor.

17        THE COURT:  And your name?

18        MR. LONG:  David Long.

19        THE COURT:  Okay.  Mr. Altmann, he needs to stand

20 to the mic with Mr. Vandenover.  Okay.  Mr. Altmann, do you

21 understand the terms of the settlement agreement?

22        MR. ALTMANN (Through interpreter):  Yes, I

23 understand.

24        THE COURT:  Do you agree to the terms of the

25 settlement agreement?

Exhibit A-10

*Echo Reporting, Inc.*

8

1          MR. VANDENOVER:  Yes, he agrees, unhappily so.

2          THE COURT:  Are you satisfied with the advice your

3    attorney has given you?

4          MR. ALTMANN:  Yes.

5          THE COURT:  This settlement is now final, binding

6    and nonappealable.  The parties -- the parties will have to

7    draw up some documents to effect all the terms of the

8    settlement agreement.  But that is an important formality.

9    It doesn't change the finality of the settlement today.  Do

10   you understand?

11         MR. ALTMANN:  Yes.

12         THE COURT:  You cannot alter any of the terms of

13   the settlement agreement.  Do you understand?

14         MR. ALTMANN:  Yes.

15         THE COURT:  Okay.  Thank you very much.

16         Ms. -- you may be seated.  Thank you.

17         MR. VANDENOVER:  Thank you.

18         THE COURT:  Ms. Hopkins and Mr. Kryger, please

19   step forward to the microphone.  Do you understand the terms

20   of the settlement agreement?

21         MR. KRYGER:  We do.

22         MS. HOPKINS:  Yes.

23         THE COURT:  Do you understand that this is a

24   final, binding and nonappealable settlement?

25         MS. HOPKINS:  Yes.

Exhibit A-11

*Echo Reporting, Inc.*

9

1        MR. KRYGER:  Yes.

2        THE COURT:  Are you satisfied with the advice your

3   attorneys have given you?

4        MS. HOPKINS:  Yes.

5        MR. KRYGER:  Yes.

6        THE COURT:  The documents will have to be prepared

7   in some final form to effect all the terms of the

8   settlement, but that would not cause the settlement to be

9   final.  The settlement is final by me putting it on the

10   record today.  Do you understand that?

11        MS. HOPKINS:  Yes.

12        MR. KRYGER:  Yes.

13        THE COURT:  Do you understand that you have to

14   execute all documents that I deem necessary to effect all

15   the purposes of the settlement agreement?

16        MS. HOPKINS:  Yes.

17        MR. KRYGER:  Yes.

18        THE COURT:  Mr. Altmann, do you understand that

19   you will have to execute all documents that I deem have to

20   be signed and executed in order to effect the terms of the

21   settlement agreement?

22        MR. ALTMANN:  Yes.

23        THE COURT:  Ms. Hopkins and Mr. Kryger, you will

24   not be able to change any of the terms of the settlement

25   agreement.  Do you understand?

Exhibit A-12

*Echo Reporting, Inc.*

10

1          MS. HOPKINS:  Yes.

2          MR. KRYGER:  Yes.

3          THE COURT:  Thank you.

4          For the representative from Hartford, please step

5   forward and state your name.

6          MR. BUTLER:  Christopher Butler.

7          THE COURT:  Do you understand the terms of the

8   settlement agreement?

9          MR. BUTLER:  Yes, your Honor.

10         THE COURT:  Are you satisfied with the advice your

11  attorney has given you?

12         MR. BUTLER:  Yes, your Honor.

13         THE COURT:  Okay.  Do you understand that this

14  settlement is final, binding and nonappealable?

15         MR. BUTLER:  Yes, your Honor.

16         THE COURT:  You can't change any of the terms of

17  this settlement.  Do you understand that?

18         MR. BUTLER:  Yes, your Honor.

19         THE COURT:  Okay.  Thank you.

20         All right.  So let me first say -- keep

21  translating.  I know this has been a very difficult

22  negotiation for the parties.  Emotions have been high on

23  both sides.  However, to the credit of all the parties, they

24  have maintained a reasonable cooperative attitude, and it is

25  because of that that the settlement is possible.

Exhibit A-13

*Echo Reporting, Inc.*

11

1      I want to compliment all the attorneys involved in
2  pulling this together.  Extremely able counsel on all sides,
3  without whom this settlement would not have happened and the
4  parties would have spent millions of dollars in litigation
5  and not arrived at a result as good as this one.
6      So I want to compliment the attorneys and know it
7  is very hard to take a case of such complexity and compress
8  it to the point that it can be resolved.  But I am pleased
9  that it has been resolved.  My compliments to all of you.
10     Now, I'm going to set a time table so that this
11 won't fall between the cracks.  Marti Worms is the law clerk
12 responsible for your file.  She will send out an order
13 tomorrow, and it will have -- and the insurance company
14 won't need to be involved in the follow-up telephone calls.
15 But I want to make sure that the paperwork gets done
16 expeditiously and properly so I will have a time table in
17 the one order, and we will have telephone conferences with
18 just the attorneys.
19     So it would be Mr. Fitzgerald and Mr. Van Gundy,
20 Mr. Long and Mr. Hilding.  You might need to participate
21 unless somebody tells me that all hell has broken loose, in
22 which case there will be no safe place for you to hide.  But
23 we'll have our first telephone conference in about two
24 weeks.  I will want Mr. Van Gundy to initiate all of the
25 phone conferences.  The first one and each subsequent one

Exhibit A-14

*Echo Reporting, Inc.*

12

1 will be to determine what has been done, what remains to be

2 done, and when will it be done.

3          The parties have already executed the consent to

4 my continuing jurisdiction.  So with that, unless there are

5 any questions, I'm going to dismiss you all.

6          ALL:  Thank you, your Honor.

7          THE CLERK:  It is 5:24.  We are now off the

8 record.

9      (Proceedings concluded.)

10

11

12

13          I certify that the foregoing is a correct

14 transcript from the electronic sound recording of the

15 proceedings in the above-entitled matter.

16

17 _Shanna Munier_____     _2-8-08_____
   Transcriber                        Date

18

19 FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

20 _D. D. Francisco_____

21 L.L. Francisco, President
   Echo Reporting, Inc.

22

23

24

25

Exhibit A-15

*Echo Reporting, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

Exhibit B-1

LATHAM&WATKINS LLP   SD\623562.4
ATTORNEYS AT LAW
SAN DIEGO

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

<u>Representations and Warranties of Max Dieter Altmann ("Altmann") and Wein- Und</u>

<u>Sektkellerei Jakob Gerhardt Niersteiner Schlosskellereien GmbH & Co. KG</u>

<u>("Jakob Gerhardt Germany")</u>

Altmann and Jakob Gerhardt Germany represent and warrant to W.G. Best Weinkellerei, Inc. ("W.G. Best"), Montesquieu Corp., f/k/a Jakob Gerhardt USA, Inc. ("Montesquieu"), Frank Kryger and Fonda Hopkins that:

1. <u>Authorization.</u>  Altmann and Jakob Gerhardt Germany have all necessary power and authority to execute and deliver these Representations and Warranties, and these Representations and Warranties have been duly executed and delivered by Altmann and Jakob Gerhardt Germany.  These Representations and Warranties are legal, valid and binding obligations of Altmann and Jakob Gerhardt Germany, enforceable against Altmann and Jakob Gerhardt Germany, jointly and severally, in accordance with their terms, except as may be limited by (i) applicable bankruptcy, insolvency, reorganization or other laws of general application relating to or affecting the enforcement of creditors' rights generally and (ii) the effect of rules of law governing the availability of equitable remedies.

2. <u>No Approvals; No Conflicts.</u>  The execution, delivery and performance of these Representations and Warranties by Altmann and Jakob Gerhardt Germany will not (a) constitute a violation (with or without the giving of notice or lapse of time or both) of any provision of any law applicable to Altmann and Jakob Gerhardt Germany, (b) require any consent, approval or authorization of, or notice to, any person, corporation, partnership, domestic or foreign governmental authority or other organization or entity, or (c) result in a default under any material agreement, lease, note or other restriction, encumbrance, obligation or liability to which Altmann or Jakob Gerhardt Germany is a party or by which Altmann or Jakob Gerhardt Germany is bound.

/ / /

/ / /

/ / /

Exhibit B-2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

1              3.     <u>Ownership</u>.  Altmann owns beneficially and of record 755 shares of W.G.

2    Best Common Stock and 3000 shares of Montesquieu Common Stock, free and clear of any

3    encumbrance, lien, claim, charge, security interest, mortgage, easement, conditional sale or other

4    title retention agreement, or defect in title.

5

6

7

8

9    _____

     Max Dieter Altmann

10

11

12

13   _____

     Signature (on behalf of Jakob Gerhardt Germany)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                 Exhibit B-3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

Exhibit C-1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

1    <u>Representations and Warranties of W.G. Best Weinkellerei, Inc. ("W.G. Best"), Montesquieu</u>

2    <u>Corp., f/k/a Jakob Gerhardt USA, Inc. ("Montesquieu"), Frank Kryger ("Kryger") and Fonda</u>

3    <u>Hopkins ("Hopkins")</u>

4         W.G. Best, Montesquieu, Kryger and Hopkins represent and warrant to Max

5    Dieter Altmann ("Altmann") and Wein- Und Sektkellerei Jakob Gerhardt Niersteiner

6    Schlosskellereien GmbH & Co. KG :

7         1.    <u>Authority.</u>  W.G. Best, Montesquieu, Kryger and Hopkins have all

8    necessary power and authority to execute and deliver these Representations and Warranties; the

9    execution, delivery and performance of these Representations and Warranties have been duly

10    authorized and approved by all necessary action of W.G. Best and Montesquieu; and these

11    Representations and Warranties have been duly executed and delivered by W.G. Best,

12    Montesquieu, Kryger and Hopkins.  These Representations and Warranties are legal, valid and

13    binding obligations of W.G. Best, Montesquieu, Kryger and Hopkins, enforceable against W.G.

14    Best, Montesquieu, Kryger and Hopkins, jointly and severally, in accordance with their terms,

15    except as may be limited by (i) applicable bankruptcy, insolvency, reorganization or other laws

16    of general application relating to or affecting the enforcement of creditors' rights generally and

17    (ii) the effect of rules of law governing the availability of equitable remedies.

18         2.    <u>No Approvals; No Conflicts.</u>  Neither the execution or delivery of these

19    Representations and Warranties nor the consummation of the rescission of Altmann's shares

20    contemplated by the parties' Joint Motion for Order Requiring Rescission of Plaintiffs' Shares

21    ("Joint Motion") will (a) constitute a violation (with or without the giving of notice or lapse of

22    time or both) of any provision of any law applicable to W.G. Best, Montesquieu, Kryger or

23    Hopkins, (b) require any additional consent, approval or authorization of, or notice to, any

24    person, corporation, partnership, domestic or foreign governmental authority or other

25    organization or entity, other than already provided by all necessary action of W.G. Best and

26    Montesquieu, or (c) result in a default under any material agreement, lease, note or other

27    restriction, encumbrance, obligation or liability to which W.G. Best, Montesquieu, Kryger or

28    Hopkins is a party or by which W.G. Best, Montesquieu, Kryger or Hopkins is bound.   Exhibit C-2

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN DIEGO
  SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES

3.      Based on due diligence, the rescission value of Mr. Altmann's 755 shares of W.G. Best Common Stock and 3000 shares of Montesquieu Common Stock is confirmed to be $3,397.50.

**Montesquieu:**

Montesquieu Corp. (f/k/a Jakob Gerhardt USA, Inc.)

By: _____
Name:  Fonda Hopkins
Its:  President

**W.G. BEST:**

W.G. Best Weinkellerei, Inc.

By: _____
Name:  Fonda Hopkins
Its:  President

_____
Frank Kryger

_____
Fonda Hopkins

Exhibit C-3

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN DIEGO

SD\623562.4

CASE NO. 07CV0673 BTM (WMC)
JOINT MOTION FOR ORDER REQUIRING RESCISSION OF
PLAINTIFFS' SHARES